UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| EMPIRE HEALTH FOUNDATION, a Washington nonprofit corporation,<br><br>                Plaintiff,<br><br>  v.<br><br>CHS/COMMUNITY HEALTH SYSTEMS INC., a Delaware corporation; CHS WASHINGTON HOLDINGS, LLC, a Delaware limited liability company; SPOKANE WASHINGTON HOSPITAL COMPANY, LLC, a Delaware limited liability company; and SPOKANE VALLEY WASHINGTON HOSPITAL COMPANY, LLC, a Delaware limited liability company<br><br>                Defendants. | NO. 2:17-cv-00209<br><br>COMPLAINT |

**I.   PARTIES**

1.   ***Empire Health Foundation.*** Plaintiff Empire Health Foundation ("Foundation") is a Washington nonprofit corporation and the largest community foundation in Eastern Washington. It was formed with the proceeds of the sale of Deaconess Medical Center and Valley Hospital and Medical Center ("Hospitals"). The Foundation uses its endowment to create measurable, sustainable health improvements

COMPLAINT – 1

in Eastern Washington, with a particular focus on access to health care by Eastern Washington's lowest income individuals. The Foundation's vision is to transform Eastern Washington into the state's healthiest region. In 2008, the Foundation was assigned all rights and obligations of Empire Health System, the nonprofit corporation which sold the Hospitals to Defendants and then dissolved.

2. ***CHS/Community Health Systems, Inc.*** Defendant CHS/Community Health Systems Inc. ("CHS") is a Delaware corporation that does business in the State of Washington, including Spokane County. In 2008, CHS purchased the Hospitals from Empire Health System. CHS continues to own and operate the Hospitals.

3. ***CHS Washington Holdings, LLC.*** Defendant CHS Washington Holdings, LLC ("Holdings") is a Delaware limited liability corporation, registered to do business in the state of Washington. On information and belief, it is wholly owned by CHS.

4. ***Spokane Washington Hospital Company, LLC.*** Spokane Washington Hospital Company, LLC ("SWHC") is a Delaware limited liability company whose primary business is the ownership and operation of Deaconess Hospital in Spokane, Washington. On information and belief, it is wholly owned and controlled by CHS and/or Holdings.

5. ***Spokane Valley Washington Hospital Company.*** Spokane Valley Washington Company, LLC ("SVWHC") is a Delaware limited liability company whose primary business is the ownership and operation of Valley Hospital in Spokane Valley, Washington. On information and belief, it is wholly owned and controlled by CHS and/or Holdings

6. CHS, Holdings, SWHC and SVWHC are referred to herein, collectively, as "Defendants."

COMPLAINT – 2

## II.  JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and the dispute is between citizens of different states.

8. Venue is proper under 28 U.S.C. §1391 because Defendants transact business in Spokane County and a substantial part of the events or omissions giving rise to the claim occurred there.

## III.  NATURE OF THE CASE

9. The Foundation brings this litigation to enforce the terms and conditions of the Asset Purchase Agreement and related agreements (collectively, the "Agreements"), that govern the sale of the Deaconess and Valley Hospitals to CHS, SWHC, and SVWHC.  Under the Agreements, the Foundation stands in the shoes of the seller, Empire Health Systems, to enforce their terms and conditions.

10. When defendants purchased the Hospitals, they agreed to provide charity care and essential health services as required under Washington's Charity Care Act and its Certificate of Need laws.  These legal requirements are incorporated into the terms and conditions of the Agreements, by both the Agreements themselves and by state law.  The requirements include the provision of charity care at an amount that meets or exceeds the regional average, and a prohibition against putting in place policies and procedures that serve to suppress or reduce the amount of charity care provided.  RCW 70.38.115 (2)(j); RCW 70.170.060(1).

11. Defendants' provision of charity care never "met or exceeded the regional average of charity care," at any time since they purchased Deaconess and Valley Hospitals.

12. Based upon the data reported by Defendants to the Washington Department of Health, Defendants' provision of charity care has failed to meet the

COMPLAINT – 3

regional average by more than *$55 million*, from September 2008 to December 2015. Based upon information and belief, Defendants' provision of charity care continues to fail to meet the regional average, continuing to the present.



13. Defendants' reported provision of charity care may be excessively inflated. Starting in at least 2012, Defendants increased the prices charged to self-pay patients for services (commonly referred to as the "chargemaster") far above the rate of

COMPLAINT – 4

medical inflation. Defendants' chargemaster was increased significantly more than that at the average regional hospital in the Spokane area. Defendants' inflated chargemaster also inflated Defendants' reported provision of charity care.

**DEACONESS HOSPITAL & VALLEY HOSPITAL HAVE DEMONSTRATED CONSISTENT CHARGEMASTER INFLATION - TOTAL CHARGES PER PATIENT DAY**

- Valley Hospital
- Deaconess Hospital
- Eastern WA Region Hospitals (Excluding Deaconess & Valley)

Data points:
- Oct-Dec 2008: $5.7K, $6.0K
- 2009: $5.1K
- 2015: $11.9K (Valley), $11.1K (Deaconess), $8.9K (Eastern WA)

Valley Annual Growth Rate, 2009-2015:    14.7%
Deaconess Annual Growth Rate, 2009-2015: 9.4%
Eastern WA (Excluding D&V), 2009-2015:   6.1%

*Excludes Normal Newborn (DRG 795)
Source: CHARS 2008-2015

14. When Defendants' charity care reporting is adjusted to account for its excessive chargemaster inflation above that of the regional average, Defendants' provision of charity care falls short of the regional average by more than ***$110 million*** from September 2008 to December 2015. Based upon information and belief, this shortfall, when adjusted for chargemaster inflation, continues to the present.

COMPLAINT – 5



15. The failure to provide more than $110 million in charity care benefits represents a significant loss of health care services that should have been, but never were, provided to residents of the Spokane Region. The loss of those benefits injured the Foundation which is dedicated to improving the health and health systems for residents of the Spokane region. Had Defendants provided $110 million or more in

COMPLAINT – 6

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

additional charity care benefits to the Spokane Region from 2008 to the present, the Foundation would likely have made different grants and investments to improve the region's health.

16.    Defendants have breached the Agreements by failing to comply with charity care requirements. Their policies and procedures have suppressed their provision of charity care, and, taking the Hospitals together, Defendants have never provided charity care that met or exceeded the regional average. Based upon information and belief, Defendants have never undertaken "reasonable efforts" to provide charity care at a level that meets or exceeds the regional average. The adoption of excessively inflated chargemaster rates and charges masked, at least in part, Defendants' deficient charity care program.

17.    Defendants' practices and policies appear to be part of a planned effort to drive indigent patients away from the Hospitals, and, if they nonetheless sought services from the Hospitals, to overcharge them.

18.    Defendants' practices and policies are also a breach of the implied duty of good faith and fair dealing. Under the Agreements, Defendants had the discretionary authority to determine when, how much, and who would receive the charity care described in the Agreements. Defendants had an obligation to exercise that discretionary authority in good faith. Defendants' use of excessively inflated chargemaster rates that masked, at least in part, its deficient charity care program, breached that duty.

19.    Based upon information and belief, Defendants may have also breached the Agreements in other ways, including but not limited to: the provision of care through community-based health programs to address identified community needs and improve the health status of the elderly, poor and at-risk populations in the community;

COMPLAINT – 7

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

the continuation of essential health services; and the provision of $100,000,000 in capital expenditures at the Hospitals.

20. This lawsuit seeks (1) injunctive relief and/or specific performance to require Defendants to fully comply with the requirements of Agreements, which incorporate the Washington Department of Health's Certificate of Need Conditions, Washington's Charity Care Act and Certificate of Need requirements; (2) disgorgement of all excess profits retained by Defendants as a result of its failure to comply with the requirements of the Agreements, as modified by state law, including but not limited to, its failure to provide at least the regional average of charity care to Spokane area indigent patients; and (3) all other contractual and equitable relief available to Plaintiff for Defendants' failure to provide charity care as required by the Agreements.

## IV.  FACTUAL BACKGROUND

21. In 2008, defendant SVWHC purchased Valley Hospital and SWHC purchased Deaconess Hospital. CHS guaranteed all of the obligations of SWHC and SVWHC under the Agreement. Prior to 2008, the Hospitals were owned and operated by the nonprofit corporation Empire Health Systems.

22. As a condition of the sale, Defendants were (and remain) obligated to provide charity care to indigent patients at a level that meets or exceeds the regional average for hospitals in the Spokane region.

23. Defendants were (and remain) obligated to comply with all aspects of the Charity Care Act, including the obligation to screen patients for indigency before demanding payment for services.

24. Defendants were (and remain) obligated to continue to provide care through community-based health programs in cooperation with local organizations that sponsor healthcare initiatives to address identified community needs and improve the health status of the elderly, poor and at-risk populations in the community.

COMPLAINT – 8

25. Defendants were (and remain) obligated to continue to provide essential health services at both hospitals, and to fund at least $100,000,000 in capital expenditures at the facilities.

26. Since Defendants purchased the Hospitals, they have not provided charity care at a level that meets or exceeds the regional average. In fact, according to Defendants' own reported data, their provision of charity care has fallen short of the regional average by more than $110 million from September 2008 to June 2016, when adjusted to reflect Defendants' excessive chargemaster rate inflation.

27. Defendants' provision of charity care is so far from the regional average, that it indicates that they put in place practices and procedures designed to avoid the provision of charity care at the Hospitals. *See* RCW 70.170.060(1).

28. Based upon information and belief, Defendants' provision of care through community-based health programs has also fallen, and it may not have continued to provide essential health services as promised in the Agreement. Defendants may have failed to fulfill its commitment to provide for community health services in other ways as well.

29. CHS has announced a sale of the hospitals to Multicare Health System and plans to sell its other Washington hospitals.

30. Before Defendants leave the State of Washington with their profits generated from the provision of care to the Spokane region, they must provide the value of the charity care services that they were required—but failed—to provide.

### V.  FIRST CLAIM – BREACH OF CONTRACT

31. The Foundation re-alleges all the paragraphs listed above.

32. Defendants breached the contract with the Foundation by (1) failing to provide charity care at a level that met or exceeded the regional average, or at the very least, failing to make "reasonable efforts" to provide charity care in an amount

COMPLAINT – 9

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

comparable to or exceeding the regional average; (2) engaging in violations of the Charity Care Act and its implementing regulations; and (3) other material breaches of contract, including but not limited to, its failure to continue to provide care through community-based health programs, and its discontinuation of certain essential health services at the Hospitals.

33. The Foundation is entitled to damages for breach of contract including, without limitation, declaratory and injunctive relief, specific performance, and restitution/disgorgement.

## VI. SECOND CLAIM – BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

34. The Foundation re-alleges all the paragraphs listed above.

35. At all relevant times, Defendants had an implied duty of good faith and fair dealing to fulfill their obligations under the Agreements so that each party could obtain the contract's full benefit. Specifically, under the Agreements, Defendants had the unilateral discretionary authority to determine the prices charged to indigent patients, when and where they were informed about charity care, and the manner in which charity care applications were provided. When they exercised this discretionary authority, they were obligated to do so in good faith and with fair dealing. Defendants breached their implied duty of good faith and fair dealing when they excessively inflated the Hospitals' chargemaster rates far beyond that of other hospitals in the region. Defendants' excessive chargemaster inflation had the effect of masking its deficient charity care program, driving indigent patients from its Hospitals before they received treatment, and overcharging the indigent patients who ultimately received treatment at the Hospitals.

COMPLAINT – 10

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

36. Plaintiff is entitled to damages for breach of the implied duty of good faith and fair dealing, including, without limitation, declaratory and injunctive relief, specific performance, and restitution/disgorgement.

## VII.  DEMAND FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

1. Declare that Defendants must comply with the Agreement as modified by Washington State's Charity Care and Certificate of Need laws and the Washington Department of Health Certificate of Need conditions;

2. Enjoin Defendants from current and future breaches of (a) contract, (b) the implied duty of good faith and fair dealing, and (c) violations of the Charity Care Act and Certificate of Need law;

3. Order disgorgement of all funds retained by Defendants that should have been provided as charity care and/or community benefits under the Agreement, the Department of Health Certificate of Need conditions and consistent with Washington law;

4. Enter judgment in favor of the Foundation in an amount to be proven at trial due to Defendants' breach of contract and breach of the implied duty of good faith and fair dealing;

6. Award the Foundation its attorney fees and costs under the Agreement; and

7. Award such other relief as is just and proper.

//
//
//
//

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

DATED:  June 12, 2017.

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER

By: *s/ Stephen J. Sirianni*
By: *s/ Richard E. Spoonemore*
By: *s/ Eleanor Hamburger*
Stephen J. Sirianni (WSBA #6957)
(*Admitted, Eastern Dist. of Washington*)
Richard E. Spoonemore (WSBA #21833)
(*Admitted, Eastern Dist. of Washington*)
Eleanor Hamburger (WSBA #26478)
(*Application Pending, Eastern Dist. of Washington*)
   701 Fifth Avenue, Suite 2560
   Seattle, WA  98104
   Tel. (206) 223-0303
   Fax (206) 223-0246
   Email:   ssirianni@sylaw.com
               rspoonemore@sylaw.com
               ehamburger@sylaw.com

Attorneys for Plaintiff

COMPLAINT – 12