FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 11, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMPIRE HEALTH FOUNDATION, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHS/COMMUNITY HEALTH SYSTEMS, INC, a Delaware corporation; SPOKANE WASHINGTON HOSPITAL COMPANY, LLC, a Delaware limited liability company; and SPOKANE VALLEY WASHINGTON HOSPITAL COMPANY, LLC, a Delaware limited liability company,<br><br>Defendants. | No. 2:17-CV-00209-SMJ<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |

Empire Health Foundation (the Foundation) filed this action against the defendants (collectively CHS) alleging breach of certain charity-care and capital-expenditure provisions of a hospital purchase agreement (the contract) between the parties. The Court denied in part CHS's motion to dismiss these claims. The Court concluded that charity-care requirements included in a Certificate of Need (CON) issued by the Washington Department of Health were incorporated under section

ORDER DENYING RECONSIDERATION - 1

10.14 of the contract and enforceable by the Foundation. ECF No. 22 at 11–13. The Court also concluded that the Foundation had adequately alleged damages and that its claims were not time barred. ECF No. 22 at 13–14. Accordingly, the Court denied CHS's motion to dismiss the Foundation's claims based on CHS's alleged failure to provide the required minimum level of charity care. ECF No. 22 at 15. The Court granted CHS's motion to dismiss the Foundation's other claims and dismissed all claims against defendant CHS Washington Holdings, LLC. ECF No. 22 at 15. CHS now moves for reconsideration. ECF No. 22.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

CHS asks the Court to reconsider both its decision that the CONs charity-care requirements were incorporated under section 10.14 and its decision that the Foundation's claims are not barred by the statute of limitations. ECF No. 25. On the statute of limitations, CHS has not pointed to any law or facts overlooked or intervening changes in the law. Accordingly, CHS's request for reconsideration on

statute-of-limitations grounds is denied.[1] On the question of whether the CON's charity-care requirements are incorporated under section 10.14, CHS raises a factual issue that was previously overlooked by the parties and the Court: The CON was issued August 29, 2008, two months before the transaction closed on October 31, 2008. ECF No. 25.

CHS argues that the requirements of section 10.14 did not become effective until the transaction closed, and because the CON was issued two months before the transaction closed, it cannot be a change in law or policy incorporated under the provision.[2] ECF No 25 at 2–3. The Foundation argues that the date the parties signed the contract, October 10, 2007, is the relevant date, not the closing date of the sale. ECF No. 28 at 1. The question here is straightforward: is the applicable date for the change-in-law-or-policy provision of section 10.14 the date the parties entered the contract or the date the transaction closed?

---

[1] CHS also asks the Court, in the alternative, to clarify that "all contract claims for the period before June 12, 2011 and all good faith [and] fair dealing claims for the period before June 12, 2014 are barred." ECF No. 25 at 8. The Foundation agrees that those dates are correct. ECF No. 28. But that is consistent with the Court's determination that "the claims based upon conduct occurring within the limitations period are not barred." ECF No. 22 at 14. Additional clarification is unnecessary.

[2] CHS argues that even if the CON had been issued after closing, it was not a change that should be incorporated under section 10.14. ECF No. 25 at 3–5. This question was considered and resolved in the Court's prior order, and CHS has not pointed to any basis sufficient to reconsider it.

ORDER DENYING
RECONSIDERATION - 3

The date the contract became effective is the relevant date here, and the CON is therefore incorporated under section 10.14. Section 10.14 provides that CHS must adopt certain indigent-care polices at the "closing date," ECF 14-1 at 53, and indeed, it is obvious that CHS had no charity-care performance obligations until the transaction closed and it was operating the hospitals. But it does not follow that the change-in-law-or-policy provision applies from the closing date. As the Court has already explained, the purpose of that provision was clearly to keep the contract's charity-care provision consistent with applicable law and government guidelines or policy. ECF No. 22 at 11–12. The contract's charity-care requirements were negotiated and became effective when the parties signed the contract on October 10, 2007. From that point forward, the charity-care provision was "subject in all respects to changes in legal requirements or governmental guidelines or policies." ECF No. 14-1 at 54.

It is important to note that the practical result of the alternate interpretation CHS advances could not plausibly be the intent of the parties. The parties would be obligated to renegotiate and rewrite section 10.14 if an applicable change in law or government policy took effect, as was the case here, between the effective date of the agreement and the closing date of the transaction if they wanted the contract to be consistent with the changed law or policy. In a complicated contract between sophisticated parties that includes a

change-in-law/policy provision like this, the parties would expect the effective date for the change-in-law provision to be the effective date of the contract, and would not be actively monitoring for changes and preparing to renegotiate certain provisions up to the moment the transaction closes. To take the example section 10.14 uses, if Congress had implemented universal healthcare coverage that eliminated the need to provide charity care between the date the parties signed the agreement and the date the transaction closed, would CHS have been obligated to renegotiate the contract in order to escape its charity-care obligations? Clearly, the answer is no.

The effective date of section 10.14's charity-care requirements, including the change-in-law-or-policy provision, was the date of the agreement, not the closing date of the transaction.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendants' Motion for Reconsideration or, in the Alternative, Clarification of Order on Motion to Dismiss, **ECF No. 25**, is **DENIED**.

1 **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and
2 provide copies to all counsel.
3 **DATED** this 11th day of December 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING
RECONSIDERATION - 6