FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMPIRE HEALTH FOUNDATION, a Washington nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHS/COMMUNITY HEALTH SYSTEMS INC., a Delaware corporation; SPOKANE WASHINGTON HOSPITAL COMPANY LLC, a Delaware limited liability company; and SPOKANE VALLEY WASHINGTON HOSPITAL COMPANY LLC, a Delaware limited liability company,<br><br>Defendants. | No.   2:17-cv-00209-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff Empire Health Foundation sues Defendants CHS/Community Health Systems Inc., Spokane Washington Hospital Company LLC, and Spokane Valley Washington Hospital Company LLC (collectively "CHS") for breach of contract, alleging it failed to fulfill the charity care commitments it made in its 2008 acquisition of two Spokane area hospitals. ECF No. 1. Before the Court is CHS's Motion for Partial Summary Judgment, ECF No. 115. CHS seeks partial summary judgment that Deaconess Medical Center provided sufficient charity care in 2012

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT **-** 1

and Valley Hospital and Medical Center provided sufficient charity care in 2011 through 2014. *Id.* The Foundation opposes the motion. ECF No. 144. After reviewing the record and relevant legal authorities, the Court grants the motion as to Valley hospital's charity care levels in 2011, 2012, and 2014—the only years in which its charity care levels exceeded the regional average. However, the Court denies the remainder of the motion because a genuine dispute of material fact exists on whether the rest of the hospitals' charity care levels were "comparable to" the regional average within the meaning of two nearly identical conditions in two state agency certificates enforceable under the parties' contract.

**BACKGROUND**

This case is scheduled for a bench trial on August 12, 2019. ECF No. 190. The underlying facts are set forth in the Court's February 27, 2019 Order Ruling on Cross-Motions for Summary Judgment, ECF No. 82, and will not be repeated here.

Two Certificates of Need, issued by the Washington State Department of Health in 2008, provide that Deaconess hospital and Valley hospital "will use reasonable efforts to provide charity care in an amount comparable to or exceeding the average amount of charity care provided by hospitals in the Eastern Washington Region." ECF No. 61-1 at 2; ECF No. 61-2 at 2. The Court previously ruled this charity care condition is enforceable under the parties' 2007 Asset Purchase Agreement. ECF Nos. 22, 36, 50, 82.

## LEGAL STANDARD

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The moving party has the initial burden of showing no reasonable trier of fact could find other than for the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its burden, the nonmoving party must point to specific facts establishing a genuine dispute of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

"[A] mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support th[at party's case].'" *Fazio v. City & County of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting *Anderson*, 477 U.S. at 249, 252). If the nonmoving party fails to make such a showing for any of the elements essential to its case as to which it would

have the burden of proof at trial, the Court should grant the summary judgment motion. *Celotex*, 477 U.S. at 322.

The Court must view the facts and draw inferences in the manner most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Chaffin v. United States*, 176 F.3d 1208, 1213 (9th Cir. 1999). And, the Court "must not grant summary judgment based on [its] determination that one set of facts is more believable than another." *Nelson v. City of Davis*, 571 F.3d 924, 929 (9th Cir. 2009).

## DISCUSSION

CHS argues that, using the Foundation's own calculations, Deaconess hospital provided sufficient charity care in 2012 and Valley hospital provided sufficient charity care in 2011 through 2014. ECF No. 115 at 9–11. The Court partly agrees. Using the Department's official numbers,[1] and comparing those numbers on an annual basis, without aggregation,[2] Valley hospital's charity care levels exceeded

---

[1] The Foundation urges the Court to alter the Department's official numbers to (1) omit Deaconess hospital and Valley hospital's reported charity care levels from the regional average, and (2) adjust Deaconess hospital and Valley hospital's reported charity care levels to account for alleged chargemaster inflation. ECF No. 144 at 12–14. The Court declines to do so because the Foundation presents no evidence suggesting the parties intended CHS's contractual performance to be measured in that way. Further, the Foundation's analysis conflates the damages element with the breach element. The Foundation's means of calculating an equitable monetary award is an inappropriate measure of whether CHS breached its duty relating to charity care in the first place. A breach either occurred or did not occur; equitable considerations have no place in determining that issue.

[2] The Foundation urges the Court to aggregate Deaconess hospital and Valley hospital's reported charity care levels to determine how their "combined annual

the regional average in 2011 (100.87% of the average), 2012 (106.08% of the average), and 2014 (101.25% of the average). ECF No. 116 at 1–3. Therefore, as to that particular hospital in those particular years, CHS necessarily fulfilled its duty to "use reasonable efforts to provide charity care in an amount comparable to or exceeding the average amount of charity care provided by hospitals in the Eastern Washington Region."[3] ECF No. 61-1 at 2; ECF No. 61-2 at 2.

However, a genuine dispute of material fact exists on whether the rest of the hospitals' charity care levels were "comparable to" the regional average within the meaning of the Certificates of Need. Using the Department's official numbers, and comparing those numbers on an annual basis, Deaconess hospital's charity care

---

effort" compares to the regional average. ECF No. 144 at 14. The Court declines to do so because the Foundation presents no evidence suggesting the parties intended CHS's contractual performance to be measured in that way. At most, the Foundation establishes an arguable basis for joint and several liability between all Defendants if either of the hospitals provided insufficient charity care. But it must first be determined whether either of the hospitals provided insufficient charity care. And that is plainly an individual rather than collective inquiry.

[3] The Foundation argues it may nevertheless maintain claims for breaches of other contract requirements and for breaches of the duty of good faith and fair dealing. ECF No. 144 at 13 & n.2, 15–16. Because CHS's motion only addresses the claims alleging the hospitals provided insufficient charity care, it is unnecessary for the Court to address claims concerning other contract requirements. The Court previously ruled that the Foundation's good-faith-and-fair-dealing claims are limited to the applicable statute of limitations period—from June 12, 2014 onward. *See* ECF No. 22 at 14–15; ECF No. 36 at 3 n.1. Further, the Court agrees with CHS that, here, the good-faith-and-fair-dealing claims are derivative of the contract claims. *See* ECF No. 1 at 7, 10; ECF No. 171 at 12 n.4. Therefore, the Court grants partial summary judgment in CHS's favor as to all of the Foundation's claims involving Valley hospital's charity care levels in 2011, 2012, and 2014.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT **-** 5

levels fell below the regional average in 2012 (78.09% of the average) and Valley hospital's charity care levels fell below the regional average in 2013 (79.22% of the average). As the Court ruled previously, "'[C]omparable to' could reasonably require either approximation or a close match. Either way, the degree of deviation to be tolerated is not conclusively established." ECF No. 82 at 12–13. CHS presents no new evidence to the contrary.[4] Thus, whether deviations of 21.91% and 20.78% below the regional average are nevertheless "comparable to" it remains to be determined at trial.

In a footnote, CHS argues it cannot be held liable for the hospitals' alleged failure to provide sufficient charity care in the first and second quarters of 2017 because it sold them halfway through the year, compliance is supposedly (according to the Foundation) measured annually, and quarterly data is often inaccurate or

---

[4] CHS resubmits some of the same evidence it presented when the Court denied its earlier summary judgment motion. *See generally* ECF Nos. 82, 116, 116-1 to -9. Specifically, CHS points to the Department's 2010 preliminary assessment concluding "it appears that CHS is meeting the charity care commitments" when its charity care levels were as low as 74.28% of the regional average. ECF No. 116-3 at 19; *see also* ECF No. 116 at 3. The Court was aware of such evidence earlier but concluded it failed to conclusively establish how far below the regional average the hospitals' charity care levels may fall and still be considered "comparable to" the average. CHS now reiterates its argument that a deviation of up to 25.72% below the regional average is *per se* acceptable. But, as it did before, the Foundation presents deposition testimony flatly contradicting this proposition. *See* ECF No. 63-1 at 35–36, 51, 65–69, 72, 84, 86, 89–93. The Court may not assess the weight or credibility of the evidence at this stage. A genuine dispute of material fact exists on how far below the regional average the hospitals' charity care levels may fall and still be considered "comparable to" the average.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT **-** 6

incomplete. ECF No. 115 at 7–8, 7 n.2. But these concerns do not render any alleged charity care shortfall in the first half of 2017 entirely non-actionable, as CHS cites no contractual provision or legal authority relieving it of its charity care obligations during those transition months. Thus, CHS fails to establish it is entitled to judgment as a matter of law on the hospitals' alleged failure to provide sufficient charity care in the first and second quarters of 2017.

Viewing all evidence and drawing all reasonable inferences in the manner most favorable to the Foundation, no reasonable trier of fact could find in its favor on its claims that Valley hospital provided insufficient charity care in 2011, 2012, and 2014. On the contrary, a reasonable trier of fact could only find that Valley hospital's charity care levels exceeded the regional average in those years. Therefore, CHS has met its initial burden in support of partial summary judgment. By contrast, the Foundation has failed to point to specific facts establishing a genuine dispute of material fact for trial. The Foundation has failed to introduce the significant probative evidence required to defeat partial summary judgment. And, to the extent the Foundation has identified genuine factual disputes, they are not material because they do not alter the outcome.

In sum, no genuine dispute exists as to any material fact and, as a matter of law, CHS is entitled to judgment on the Foundation's claims that Valley hospital provided too little charity care in 2011, 2012, and 2014. However, a genuine dispute

of material fact exists on whether the rest of the hospitals' charity care levels were "comparable to" the regional average within the meaning of the Certificates of Need.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Defendants' Motion for Partial Summary Judgment, **ECF No. 115**, is **GRANTED IN PART** and **DENIED IN PART**.

    *A.* Summary judgment in Defendants' favor is granted as to Plaintiff's claims regarding Valley Hospital and Medical Center's charity care levels in 2011, 2012, and 2014.

    *B.* The remainder of the motion is denied.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 9th day of July 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge