FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMPIRE HEALTH FOUNDATION, a Washington nonprofit corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>CHS/COMMUNITY HEALTH SYSTEMS INC., a Delaware corporation; SPOKANE WASHINGTON HOSPITAL COMPANY LLC, a Delaware limited liability company; and SPOKANE VALLEY WASHINGTON HOSPITAL COMPANY LLC, a Delaware limited liability company,<br><br>                Defendants. | No.   2:17-cv-00209-SMJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF PRETRIAL ORDER** |

Before the Court, without oral argument, is Defendants CHS/Community Health Systems Inc., Spokane Washington Hospital Company LLC, and Spokane Valley Washington Hospital Company LLC's Motion for Partial Reconsideration of Pretrial Order, ECF No. 244. They ask the Court to reconsider the portion of its July 29, 2019 Pretrial Order, ECF No. 238 at 48, that sustained Plaintiff Empire Health Foundation's objections to Defendants' exhibits 717, 719, and 721. Having reviewed the motion and the file in this matter, the Court is fully informed without the need

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF PRETRIAL ORDER **-** 1

for a response from Plaintiff. *See* ECF No. 72 at 8. The Court grants the motion based on Defendants' clarification of their purpose in offering these exhibits.

Because Defendants filed their motion for reconsideration within twenty-eight days after entry of the Pretrial Order, the Court treats the motion as one to alter or amend the order under Federal Rule of Civil Procedure 59(e).[1] *See Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).

Altering or amending an order under Rule 59(e) "is an 'extraordinary remedy' usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor*, 822 F.3d at 491–92 (quoting *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)); *accord McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc).

Here, Defendants' exhibits 717, 719, and 721 are articles from Spokane, Washington news sources, which discuss improvements made to Deaconess Medical Center's emergency services. Plaintiff objected to each exhibit on hearsay

---

[1] Because Defendants did not file their motion for reconsideration more than twenty-eight days after entry of the Pretrial Order, the Court declines their invitation to treat the motion as one for relief from judgment under Rule 60(b). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001); *Moore v. City of Santa Barbara*, 727 F. App'x 307, 308 n.1 (9th Cir. 2018).

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF PRETRIAL ORDER **-** 2

and relevance grounds. ECF No. 182 at 48–49. Defendants responded that each exhibit was (1) "not offered for its truth" and (2) "relevant to Defendants' reasonable efforts to increase charity care and the fashioning of an equitable remedy in this case." ECF No. 189 at 47–48. The Court sustained Plaintiff's objections to these exhibits. ECF No. 238 at 48. Although not stated in the Pretrial Order, the Court reasoned these exhibits constitute hearsay.

In their motion for reconsideration, Defendants clarify they "offered these exhibits to show that Defendants made a reasonable effort to increase charity care by *notifying the community* about the availability of new emergency services at Deaconess's facilities." ECF No. 244 at 3 (emphasis added). Defendants elaborate these exhibits "(regardless of their truth) demonstrate Defendants' *effort to attract patients* to Deaconess's emergency departments, the main point of contact for charity-care-eligible patients." *Id.* (emphasis added)

With this clarification, it is apparent that Defendants have offered exhibits 717, 719, and 721 for an acceptable purpose and not to "prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). Because these exhibits do not constitute hearsay, the Court grants partial reconsideration of the Pretrial Order in order to correct a manifest legal error.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Partial Reconsideration of Pretrial Order, **ECF**

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL
RECONSIDERATION OF PRETRIAL ORDER **-** 3

**No. 244**, is **GRANTED**.

2. The Court's July 29, 2019 Pretrial Order, **ECF No. 238 at 48**, is **AMENDED** as follows:

    *A.* Plaintiff's objections to Defendants' exhibits 717, 719, and 721, **ECF No. 182**, are **OVERRULED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 2nd day of August 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge