# Exhibit A

## AGREEMENT TO SETTLE CLAIMS

*Empire Health Foundation v. CHS/Community Health Systems, Inc., Spokane Washington Hospital Company, LLC, Spokane Valley Washington Hospital Company, LLC, No. 2:17-cv-00209 SMJ,*
*United States District Court, Eastern District of Washington at Seattle*

This Agreement to Settle Claims ("Agreement") is between plaintiff Empire Health Foundation and defendants CHS/Community Health Systems, Inc., Spokane Washington Hospital Company, LLC, Spokane Valley Washington Hospital Company, LLC. This Agreement is based on a proposal by the mediator and constitutes a full and fair resolution of all claims asserted in the Action. This Agreement is a full expression of the agreements between the Parties.

### 1. Definitions.

1.1 *"Action"* shall mean *Empire Health Foundation v. CHS/Community Health Systems, Inc., Spokane Washington Hospital Company, LLC, Spokane Valley Washington Hospital Company, LLC*, Case No. 2:17-cv-00209 SMJ, an action pending in the United States District Court for the Eastern District of Washington.

1.2 *"Agreement Execution Date"* shall mean: the date on which this Agreement is fully executed.

1.3 *"Attorneys' Fees Amount"* shall mean: the sum of $2,000,000.

1.4 *"Deaconess and Valley Patients"* shall mean: any individual who received medical care at CHS Deaconess Medical Center and/or CHS Valley Hospital and Medical Center between November 1, 2008 and June 30, 2017.

1.5 *"Debt"* shall mean: charges for hospital services incurred by Deaconess and Valley Patients (or reasonable parties on behalf of a Deaconess and Valley Patient) for services received between November 1, 2008 and June 30, 2017, that remained held by Defendants and unpaid, in whole or in part, as of August 22, 2019. "Debt" does not include active accounts receivable that were acquired by MultiCare as a result of its July 1, 2017 purchase of Deaconess Medical Center and Valley Hospital and Medical Center.

1.6 *"Defendants"* shall mean: CHS/Community Health Systems, Inc., Spokane Washington Hospital Company, LLC, and Spokane Valley Washington Hospital Company, LLC.

1.7 *"Parties"* shall mean: Plaintiff and Defendants.

1.8 *"Release Date"* shall mean: the ninety-first (91st) day after the first date upon which the following conditions have been satisfied: (i) payment has been made by the Defendants pursuant to Section 2 and Section 3, and (ii) debt has been discharged pursuant to Section 4, *provided* that none of the payments set forth in Section 2 and Section 3, or the debt discharged under Section 4, has been avoided, or is subject to avoidance, as the result of any

1

receivership, conservatorship, general meeting of creditors, insolvency or bankruptcy proceeding, assignment for the benefit of creditors, or any proceeding or action by or against any of the Defendants for any relief under any bankruptcy or insolvency law or other laws relating to the relief of debtors, readjustment of indebtedness, reorganization, dissolution, liquidation, composition or extension, or the appointment of any receiver, intervenor or conservator of, or trustee, or similar officer for any of the Defendants or any substantial part of any Defendant's properties or assets, including, without limitation, proceedings under 11 U.S.C. §§ 101 *et seq.* or under other federal, state or local statutes, laws, rules or regulations, all whether now or hereafter in effect.

1.9 *"Released Claims"* shall mean: any and all claims of any nature whatsoever that were brought, or that could have been brought, against the Releasees by Empire Health Foundation in the Action, including claims for losses, opportunity losses, damages, attorneys' fees, costs, expenses, contribution, indemnification or any other type of legal or equitable relief.

1.10 *"Releasees"* shall mean: Defendants and each of their affiliates, subsidiaries, parents, fiduciaries, trustees, recordkeepers, partners, attorneys, administrators, representatives, agents, directors, officers, employees, insurers, reinsurers, and their Successors-in-Interest.

1.11 *"Settlement"* shall mean: the settlement to be consummated under this Agreement.

1.12 *"Settlement Amount"* shall mean: the sum of $20,000,000.

2. **Settlement Payment.**

    2.1 *Settlement Amount.* Defendants shall pay the sum of $20,000,000 to Empire Health Community Advocacy Fund, a Washington nonprofit corporation established under IRC Section 501(c)(4). The Settlement Amount is to be used for the benefit of the Washington State community.

    2.2 *Time of Payment.* The Settlement Amount shall be within paid ten (10) business days after the Agreement Execution Date, PROVIDED that the Settlement Amount need not be paid prior to October 1, 2019.

    2.3 *Method of Payment.* The Settlement Amount shall be paid directly to Empire Health Community Advocacy Fund.

3. **Attorneys' Fees Payment**

   3.1 *Attorneys' Fees Amount.* Defendants shall pay Plaintiff the sum of $2,000,000 to compensate Plaintiff for its reasonable attorneys' fees expended in connection with the Action.

   3.2 *Time of Payment.* The Attorneys' Fees Amount shall be paid no later than October 1, 2019.

   3.3 *Method of Payment.* The Attorneys' Fees Amount shall be paid to Empire Health Foundation through the following cash wire: Bessemer TR NYV, ABA# 026008756, FFC to Acct. #8M1494 – EHF – PHILANTHROPY/GRANT MAKING.

4. **Discharge of Indebtedness.**

   4.1 *Representation of Magnitude of Debt.* Defendants represent that the amount of Debt owed by Deaconess and Valley Patients is between $23,500,000 and $50,000,000.

   4.2 *Representation of Possession of Debt.* Defendants represent that they have not assigned, transferred, sold or otherwise disposed of the Debt identified in Section 4.1, *above.*

   4.3 *Discharge of Debt.* Upon execution of this Agreement, Defendants shall discharge all Debt in full.

   4.4 *Notice of Discharge of Debt to Deaconess and Valley Patients.* Spokane Washington Hospital Company, LLC and Spokane Valley Washington Hospital Company, LLC shall inform Deaconess and Valley Patients of the discharge of Debt in a letter, sent by United States First Class Mail on or before November 30, 2019. The letter shall be jointly drafted by Plaintiff and Defendants, refer specifically to resources that can provide more information or assistance (which such resources being established by the Plaintiff), be directed to the last known address of the Deaconess and Valley Patient or responsible party who incurred the Debt, and will inform that person of the amount of Debt discharged and the date of discharge. Any dispute surrounding the wording of the letter shall be submitted to Stew Cogan for a final and binding determination.

   4.5 *Affidavit of Compliance.* By no later than December 31, 2019, Defendants shall provide a sworn affidavit to Plaintiff describing Defendants' compliance with the Discharge of Debt requirements in this Section.

3

5. **Mutual Releases.**

    5.1 *Releases of the Releasees.* Upon the Release Date, Empire Health Foundation absolutely and unconditionally releases and forever discharges Releasees from any and all Released Claims. The Action shall be dismissed with prejudice and without costs to either party upon the Release Date.

    5.2 *Defendants' Releases of Plaintiff.* Upon the Release Date, Defendants absolutely and unconditionally release and forever discharge the Plaintiff from any and all claims arising out of, or based upon, the institution or prosecution of the Action.

6. *Dismissal of Action.* Within seven (7) days after the Release Date, the Parties shall submit a stipulation of dismissal to the Court.

7. **Representations and Warranties.**

    7.1 *The Plaintiff.* Plaintiff represents and warrants that it has not assigned or otherwise transferred any interest in any Released Claims against any Releasees, and further covenant that it will not assign or otherwise transfer any interest in such claims.

    7.2 *The Parties.* The Parties, and each of them, represent and warrant that they are voluntarily entering into this Agreement as a result of arm's-length negotiations; in executing this Agreement they are relying upon their own judgment, belief and knowledge, and the advice and recommendations of their own counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof. The Parties, and each of them, represent and warrant that they have carefully read the contents of this Agreement; they have made such investigation of the facts pertaining to the Settlement, this Agreement, and all of the matters pertaining thereto as they deem necessary; and this Agreement is signed freely by each person executing this Agreement on behalf of each party. Each individual executing this Agreement on behalf of any other person does hereby represent and warrant to the other parties that he or she has the authority to do so.

8. *No Admission of Liability.* The Parties understand and agree that this Agreement embodies a compromise and settlement of disputed claims, and that nothing herein shall be deemed to constitute an admission of any wrongdoing by any of the Releasees.

4

9. *Miscellaneous*

   9.1 *Dispute Resolution.* The Parties agree that any dispute regarding the terms, conditions, releases, enforcement or termination of this Agreement shall be resolved by a mutually-agreed upon mediator in Seattle, Washington, through mediation and, if mediation is unsuccessful, through binding arbitration.

   9.2 *Governing Law.* This Agreement shall be governed by the laws of State of Washington without regard to conflict of law principles.

   9.3 *Attorneys' Fees.* The substantially prevailing party in any action to interpret or enforce the terms of this Agreement shall be entitled to recover its reasonable attorneys' fees and costs from the unsuccessful Party or Parties.

   9.4 *Mutual Non-Disparagement.* The Defendants and their directors and officers will not make any public statement disparaging the Plaintiff, any of their directors, officers, agents, or executives, employers, products or services. The Plaintiffs and their directors and officers will not make any public statement disparaging the Defendants or any of their directors, officers, agents, executives, employers, products or services. Provided, however, that factually accurate statements do not constitute disparagement for purposes of this Agreement.

   9.5 *Amendments.* This Agreement may not be amended except by mutual written agreement among the Parties in a document that identifies itself as an amendment to this Agreement.

   9.6 *Waiver.* The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving party. The waiver by any party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

   9.7 *Construction.* None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision thereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause the provision to be construed against the drafter thereof.

   9.8 *Principles of Interpretation.* The following principles of interpretation apply to this Agreement:

      9.8.1 *Headings.* The headings herein are for reference purposes only and do not affect in any way the meaning or interpretation of this Agreement.

9.8.2 *Singular and Plural.* Definitions apply to the singular and plural forms of each term defined.

9.8.3 *References to a Person.* References to a person include references to an entity, and include successors and assigns.

9.9 *Survival.* All representations, warranties and covenants set forth in herein shall be deemed continuing.

9.10 *Entire Agreement.* This Agreement contains the entire agreement among the Parties relating to this Settlement and supersedes any and all prior verbal and written communications regarding the Settlement.

9.11 *Counterparts.* This Agreement may be executed by exchange of executed faxed or PDF signature pages, and any signature transmitted in such a manner shall be deemed an original signature. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, when taken together, shall constitute one and the same instrument.

9.12 *Capacity.* Each person signing as or on behalf of a Party represents to the other Parties that they are authorized and have the legal capacity to do so, and by signing acknowledges the authorization and legal capacity of the other Parties.

9.13 *Binding Effect.* This Agreement binds and inures to the benefit of the parties hereto, their assigns, heirs, administrators, executors, and successors-in-interest, affiliates, benefit plans, predecessors, and transferees, and their past and present shareholders, officers, directors, agents, and employees.

9.14 *Further Assurances.* Each of the Parties agree, without further consideration, and as part of finalizing the Settlement hereunder, that they will in good faith promptly execute and deliver such other documents and take such other actions as may be necessary to consummate the subject matter and purpose of this Agreement.

**SIGNATURES:**

**EMPIRE HEALTH FOUNDATION**

DATED: 9-24-2019        By _____
                        Its    INTERIM PRESIDENT

STATE OF __WA__ )
                ) ss.
COUNTY OF __SPOKANE__ )

On this 24TH day of SEPTEMBER, 2019, before me, the undersigned, a Notary Public in and for the State of __WASHINGTON__, duly commissioned and sworn, personally appeared __JEFFREY BELL__, to me known to be the __INTERIM PRESIDENT__ of EMPIRE HEALTH FOUNDATION, who executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of EMPIRE HEALTH FOUNDATION, for the uses and purposes therein mentioned, and on oath stated that s/he is authorized to execute the said instrument on behalf of EMPIRE HEALTH FOUNDATION.

Witness my hand and official seal hereto affixed the day and year first above written.

_____
NOTARY PUBLIC in and for the State of __WASHINGTON__, residing at __SPOKANE__
My commission expires: 4/16/22

```
Kelly Knutson
Notary Public
State of Washington
My Appointment Expires 04/16/2022
Commission Number 200091
```

7

**CHS/COMMUNITY HEALTH SYSTEMS, INC.**

DATED: 9-26-19    By [signature]
Its Executive Vice President & CFO

STATE OF TN       )
                  ) ss.
COUNTY OF Williamson )

On this 26th day of September 2019, before me, the undersigned, a Notary Public in and for the State of TN, duly commissioned and sworn, personally appeared Tom Aaron, to me known to be the Ex. VP and CFO of CHS/COMMUNITY HEALTH SYSTEMS, INC., who executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of CHS/COMMUNITY HEALTH SYSTEMS, INC., for the uses and purposes therein mentioned, and on oath stated that s/he is authorized to execute the said instrument on behalf of CHS/COMMUNITY HEALTH SYSTEMS, INC.

Witness my hand and official seal hereto affixed the day and year first above written.

Approved as to form: 9-26-19
By: [signature]
Justin D. Pitt, Senior VP & Chief Litigation Counsel
CHSPSC, LLC

[signature] C. L. Barlow
NOTARY PUBLIC in and for the State of TN, residing at Williamson County
My commission expires: 5/9/2022

[Notary Seal: CINDY L. BARLOW, STATE OF TENNESSEE, NOTARY PUBLIC, WILLIAMSON COUNTY, My Commission Expires 05-09-2022]

SPOKANE WASHINGTON HOSPITAL COMPANY, LLC

DATED: 9-26-19

By: [signature]
Its: Executive Vice President

STATE OF TN )
                    ) ss.
COUNTY OF Williamson )

On this 26th day of September 2019, before me, the undersigned, a Notary Public in and for the State of TN, duly commissioned and sworn, personally appeared TOM AARON to me known to be the Exec. V.P. of SPOKANE WASHINGTON HOSPITAL COMPANY, LLC, who executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of SPOKANE WASHINGTON HOSPITAL COMPANY, LLC, for the uses and purposes therein mentioned, and on oath stated that s/he is authorized to execute the said instrument on behalf of SPOKANE WASHINGTON HOSPITAL COMPANY, LLC.

Witness my hand and official seal hereto affixed the day and year first above written.

Approved as to form: 9-26-19
By: [signature]
Justin D. Pitt, Senior VP & Chief Litigation Counsel
CHSPSC, LLC

[signature: C. L. Barlow]
NOTARY PUBLIC in and for the State of TN, residing at
My commission expires: 5/9/2022

[Notary Seal: CINDY L. BARLOW, STATE OF TENNESSEE, NOTARY PUBLIC, WILLIAMSON COUNTY, My Commission Expires 05-09-2022]

9

SPOKANE VALLEY WASHINGTON HOSPITAL COMPANY, LLC

DATED: 9-26-19            By _____
                          Its  Executive Vice President

STATE OF TN )
            ) ss.
COUNTY OF Williamson )

On this 26th day of September 2019, before me, the undersigned, a Notary Public in and for the State of TN, duly commissioned and sworn, personally appeared Tom Aaron, to me known to be the Exec. V.P. of SPOKANE VALLEY WASHINGTON HOSPITAL COMPANY, LLC, who executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of SPOKANE VALLEY WASHINGTON HOSPITAL COMPANY, LLC, for the uses and purposes therein mentioned, and on oath stated that s/he is authorized to execute the said instrument on behalf of SPOKANE VALLEY WASHINGTON HOSPITAL COMPANY, LLC.

Witness my hand and official seal hereto affixed the day and year first above written.

Approved as to form: 9.26-19
By: _____
Justin D. Pitt, Senior VP & Chief Litigation Counsel
CHSPSC, LLC

C. J. Barlow
NOTARY PUBLIC in and for the State of TN, residing at _____
My commission expires: 5/9/2000

10

Case 2:17-cv-00209-SMJ    ECF No. 259-1    filed 10/08/19    PageID.7545    Page 12 of 12

APPROVED AS TO FORM:

SIRIANNI YOUTZ SPOONEMORE HAMBURGER PLLC

_____

Richard E. Spoonemore
Eleanor Hamburger
*Attorneys for Empire Health Foundation*

DLA PIPER LLP (US)

_____

Anthony Todaro
Lianna Bash
*Attorneys for Defendants*

11